Opinion of the court by
Judge Mills.
[Absent Ch. Justice Bibb.]
Davis sold to Ballard a tract of land at the price of $7000, $1000 of which was paid 1st March, 1819; $2000 more was to be paid 1st September, 18 9, at which time Ballard was to execute his two notes, each for $2000, payable annually.
Articles of agreement between Ballard, the purchaser, and Davis, the seller of a tract of land.
Ballard failing in the payments, Davis recovers judgment at law.
Ballard’s bill for injunction.
Jarman and Davis, their agreement refered to in Ballard’s bill.
The Contract was entered into and reduced to writing on the 23d day of November, 1818, in the form of an article of agreement, sealed by the parties, in which it was stipulated, that upon Ballard’s paying the $2000 due on the 1st day of September, 1819, and executing his notes for the remaining $4000, as stipulated. Davis should afterwards, to-wit: on the 10th of September, 18 9, deliver full possession of the land, and execute a conveyance with general warranty and a relinquishment of his wife’s dower. Possession of a small portion was delivered in March, 1819, according to stipulation, but the full possession was not to be delivered till the 10th of September of the same year.
The payment due on the 1st March, 1819, was made; but Ballard having failed to make the payment, due on the 1st day of September, 1819, Davis brought his action at law on the article of agreement, and recovered judgment for the $2000, with interest.
To enjoin this judgment Ballard filed this bill, setting forth that after the debt became due, it was agreed that Davis should take a certain John Jarman for the §2000, and discharge him; that Jarman owed him the same amount, and he was to credit Jarman, and Davis to credit him to the amount; that no writing passed between him and Davis, but that Davis and Jarman entered into a writing to the following effect, omitting its formal parts:
"The said Jarman, for and in consideration of the use of $2000, due said Davis from said Jarman, doth hereby covenant and agree that said Davis shall live at the place he now lives on for the use of said money, except and provided, that if said Davis and George Shackelford shall trade, then said $2000 will be considered paid, and said Davis shall allow said Jarman a reasonable rent from thence to the end of the year; and said Davis doth agree to let said Jarman have as much land about this new house as there is in a piece of tobacco ground, which James Ballard now has in cultivation.” This writing is sealed by both Davis and Jarman. *117 He charges that Davis still holds the possession, and prays that this agreement between himself. Davis and Jarman may be enforced, and that Davis may be compelled to receive and rely upon Jarman for the amount of his judgment, and for general relief. To this bill he made Davis alone defendant.
Davis’ answer.
Davis makes his answer a cross bill against Ballard and Jarman, defendants.
Answers to the cross bill.
Decree of the circuit court.
Davis filed his answer, denying that he ever agreed to accept of the responsibility or undertaking of Jarman, and release Ballard, or ever had done so; alleges that he had been told by both Ballard and Jarman, that Ballard had bought the land for Jarman, and that any arrangement he might make with Jarman, about the possession, would be acquiesced in by Ballard; hence he had entered into the foregoing writing with Jarman about the possession, which in its terms had extended to only one year; that Jarman had not paid the money, and hence he had sued and recovered a judgment against Ballard for it.
He then makes his answer in the nature of a cross bill, and thereto makes Jarman also a party, and prays that if he should be compelled to release Ballard and take Jarman, that he may have a decree against Jarman for the amount of his judgment. He also alleges that he has a good title to the land; that the residue of the purchase money is due, and prays for a decree against Ballard, specifically enforcing the entire contract.
Ballard and Jarman united in an answer to the answer of Davis; admit the land was purchased by Ballard for Jarman; charge Davis with still retaining the possession; Jarman contends that, by the construction of the writing, Davis cannot recover the two thousand dollars of him while he keeps possession; they both insist that the rent far exceeds the interest of the money, and pray that the rent may be discounted against the $2000 enjoined. They also resist the specific execution of the contract in favour of Davis, and charge his title to be defective.
The court below decreed a perpetual injunction in favour of Ballard, against Davis, as to the jud *118 gment for §2000, and decreed that sum without interest in favour of Davis against Ballard said nothing about the specific execution of the contract and of course refused it, in silence.
Condition in a decree, that one party pay, on the other surrendering possession of the land, without ordering a surrender, or reserving it to the court to determine on the performance, disapproved.
Where a bill claims a specific performance, and the purchaser resists it, and denies the title, he must shew a clear title, or such as he professed to sell.
To reverse this decree against Jarman he prosecuted his writ of error with supersedeas against Davis, and Davis has also brought his writ of error against Jarman and Ballard, and of course the whole decision between the parties, in all its bearings, is now before us.
The decree against Jarman, in favour of Davis, cannot be sustained, even if its conditional terms were the only objection. It directs the payment to be made on a day certain, on condition of Davis surrendering the possession of the land at that period. That condition must, of course, be ascertained by the clerk before he issued execution, instead of being ascertained by the court itself. Indeed the court has not decreed that he shall surrender it, but has left that matter to his own election. If he did not surrender by the time, it might be a matter of speculation upon the terms of the decree, whether he was barred of an opportunity of doing it ever afterwards, and thus his decree was to be of no use to him, or whether he could, at any moment thereafter, surrender it at pleasure and take his execution, and thus hold his adversary in suspense as long as he chose.
But this is by no means the most formidable objection to this decree. Davis has brought the merits of the whole contract on his side before the court, by his claim for specific performance. To entitle himself to this, he ought to have shewn either a clear title, or such a title as he had professed to sell, especially when the goodness of his title is put in issue by his adversary. This he has failed to shew, and not a scrap of title is produced. This is conclusive against his claim for a specific performance, and it remains as an obstacle in his way to a decree for any part of the money. His right to a part, to-wit, the two thousand dollars, must depend on the same principles as his right to the whole; and *119 the sum for which he has obtained a decree is a part of the price.
If the seller cannot have specific performance, he cannot have the aid of a court of equity in effecting any remedy under it.
Dismissal of bill, in such case, will not bar an action at law, if the party have right.
An obligee may take another obligation from others for the same demand, and unless taken in lieu of the former, both will be obligatory.
Relief now granted, because not prayed.
The same answer may be given to his prayer for an enforcement of a lien against the land. His right to do this, must equally depend on his right to enforce the contract. For if the contract be one which cannot be enforced, he is not entitled to the aid of a court of equity in effectuating any remedy in its favour. It is true he has a writing on Jarman for this $2000, but on it he may be left to his remedy at law. This conclusion relieves us from settling the construction of that instrument, as well as determining whether he ought to receive interest and account for rents, during his possession under it, or only to lose the interest as the court below has decided.
The claim set up by Jarman, in his answer for the rents, in resisting Davis decree, if he has any title to them, will not hereafter be barred, by any decree rendered in his favour against Davis.
We are next to consider the bill of Ballard brought for relief against Davis. It is clear that this claim cannot be sustained by any thing short of a positive agreement on the part of Davis to accept Jarman and release Ballard, and an acceptance of the obligation of Jarman in lieu thereof. On this point the proof is not sufficient to overrule the denial in Davis’ answer. Jarman himself, who is tho only witness that speaks expressly on this point, although he states that Davis was to look to him, will not state that he promised to discharge Ballard. It was competent for Davis to take the obligation of Jarman, for the same demand, without releasing Ballard, and if the new undertaker should not comply, to resort to Ballard; and in the present case he has done no more. The decree for a perpetual injunction cannot, therefore, be sustained; and Davis must be permitted to keep the advantage which he has obtained at law.
It has been a point of some difficulty whether Ballard ought not to he permitted to avail himself of a deduction, either for the rents or interest in dis *120 charge of so much of this judgment, because of Davis’ continued possession of the land, before his injunction should be dissolved. But upon an inspection of his bill, it is not one of its objects to obtain such deduction, and to grant it to him would be a relief which he has not desired, and therefore, the dismission of his present plaint will not bar any future proceedings asserting that claim. His decree must, therefore, be reversed, and his injunction must be dissolved with damages, and his bill be dismissed with costs.
Turner and Breck, for Jarman; Caperton, for Davis.
Both decrees reversed, and the causes to be remanded, with directions to dismiss the bill and cross bill with costs respectively. Jarman must recover the costs of his writ of error, and Davis of his, in this court.